08-3273-Ag
Sohail v. Holder

BIA
Monsanto, I
A073 053 249

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:
      ROGER J. MINER,
      JOHN M. WALKER, JR.,
      REENA RAGGI,
          *Circuit Judges*.

_____

**MOHAMMAD ABAD SOHAIL,**
      *Petitioner,*

      v.                   08-3273-ag
                                NAC

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**
      *Respondent.*

_____

**FOR PETITIONER:**      Usman B. Ahmad, Long Island City, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Mohammad Abad Sohail, a native and citizen of Pakistan, seeks review of a June 3, 2008 order of the BIA affirming the September 28, 2006 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Sohail's application for voluntary departure. *In re Mohammad Abad Sohail*, No. A073 053 249 (B.I.A. June 3, 2008), *aff'g* No. A073 053 249 (Immig. Ct. Buffalo, NY Sept. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). We review factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S.*

2

*Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). Questions of law and application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). This Court does not have jurisdiction to review the denial of a request for voluntary departure, *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i)), however, we do retain jurisdiction to review any constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D).

Sohail presents two issues over which this Court has jurisdiction: (1) whether the agency applied the appropriate standard in adjudicating Sohail's request for voluntary departure, and (2) whether Sohail's removal proceedings comported with due process in regard to Sohail's opportunity to present evidence relating to his application for cancellation of removal.

From a review of the record in this case, it is plain that the IJ properly considered Sohail's request for voluntary departure under 8 U.S.C. § 1229c(b), and not under 8 U.S.C. § 1229c(a) as Sohail contends. An alien may apply for voluntary departure pursuant to § 1229c(a) if he makes

3

his application "prior to or at the master calendar hearing at which the case is *initially* calendared for a merits hearing." 8 C.F.R. § 1240.26(b)(1)(i)(A) (emphasis added); *cf. Matter of Cordova*, 22 I. & N. Dec. 966, 968 (B.I.A. 1999) (holding that a master calendar hearing is a "preliminary stage of the proceedings at which, even though little or no testimony is taken, the Immigration Judge has great flexibility to identify issues, make preliminary determinations of possible eligibility for relief, resolve uncontested matters, and schedule further hearings"). Sohail failed to make his application for voluntary departure at the initial master calendar hearing on August 27, 2004 and at a subsequent hearing on September 7, 2005. Sohail first made his application midway through the hearing on September 28, 2006 – more than two years after his initial master calendar hearing – and only after he decided to withdraw his application for cancellation of removal. As Sohail's application was not timely pursuant to § 1229c(a), the IJ properly considered his application to be governed by § 1229c(b).

We additionally conclude that Sohail was not precluded from either presenting evidence in support of, or proceeding

4

with, his application for cancellation of removal. *See* 8 U.S.C. § 1229a(b)(4)(B). The record reflects that Sohail withdrew his application knowingly, intelligently, and voluntarily, after a discussion with his attorney, after his wife and son would not appear as witnesses on his behalf, and after the Government made its allegation that Sohail had entered into a fraudulent marriage with his current wife.

_____For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5