[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11728
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-81546-KLR

ELVIO BONILLO,
CARLA SILVA,

Plaintiffs-Appellants,

versus

SECRETARY, US DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
DIRECTOR, UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, TEXAS SERVICE CENTER,
DIRECTOR, UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, MIAMI DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 19, 2012)

Before HULL, MARTIN and COX, Circuit Judges.

PER CURIAM:

Elvio Bonillo and Carla Silva challenge on this appeal the district court's grant of the Government's motion to dismiss for lack of subject matter jurisdiction. We reverse and remand.

## I.

The complaint alleges the following facts, which we accept as true for purposes of this review.[1] Elvio Bonillo and his wife, Carla Silva, are citizens of Brazil. In June 1993, Bonillo entered the United States on a B-2 visitor visa. Similarly, Silva entered the United States on a B-2 visitor visa in December 2001. Both overstayed their visas. Bonillo, however, was employed as a dry wall applicator for M. Taylor & Co., which filed an alien labor certification application[2] for him with the Department of Labor. On November 27, 2001, the Department of Labor approved the application.

---

[1]    When a case is decided on a motion to dismiss, we take the facts from the complaint and the attached exhibits as true. *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1259 (11th Cir. 2012) (citation omitted). The district court held no evidentiary hearing and made no findings of fact.

[2]    For a company to permanently employ an alien worker, it must follow three steps. First, it must file an alien labor certification application with the Department of Labor. *See* 8 U.S.C. § 1182(a)(5). Then, after the application is approved, the employer must seek an immigration visa for the worker by submitting an I-140 petition. 8 C.F.R. § 204.5. And finally, if the I-140 is approved, the alien worker can seek to adjust his or her status to become a lawful permanent resident by filing an I-485 adjustment of status application. 8 U.S.C. § 1255. The spouse of an alien worker can also file an I-485 form as a derivative beneficiary of the worker. *Id.* § 1153(d).

In February 2002, M. Taylor & Co. submitted an I-140 immigration visa petition seeking to classify Bonillo as a "skilled worker." The United States Citizenship and Immigration Services (the Agency) approved this application on July 10, 2002. A little over six months later, Bonillo and Silva both filed I-485 adjustment of status applications with the Agency seeking lawful permanent resident status.

In July 2008, the Agency sent a notice of intent to revoke Bonillo's I-140 petition to M. Taylor & Co.'s lawyer, Mr. Robert Kravitz. But Mr. Kravitz never got the notice because it was sent to his old mailing address, even though he had previously updated his address with the Agency. On December 15, 2008, the Agency revoked Bonillo's I-140 petition and sent Mr. Kravitz notice of the revocation at his old address. Mr. Kravitz did not receive the notice until January 2, 2009, well beyond the time frame to appeal the decision.[3] In May 2009, the Agency denied both Bonillo's and Silva's I-485 applications.

Bonillo[4] petitioned the district court asking it to order the Agency to reopen the revoked I-140 petition. The district court dismissed the petition for lack of subject

---

[3] Appeals must be brought within fifteen days of receiving the notice of revocation. 8 C.F.R. § 205.2(d).

[4] Silva can only get an immigrant visa as a derivative beneficiary of Bonillo. Without Bonillo's I-140 visa, she cannot obtain an I-485 visa and become a lawful permanent resident. Because her claim hinges on Bonillo's I-140 petition; for brevity, we refer only to Bonillo.

matter jurisdiction, concluding that 8 U.S.C. § 1252(a)(2)(B)(ii)[5] precluded judicial review of the Agency's decision to revoke the I-140 petition.  Bonillo now appeals.

II.

Both parties agree that we review de novo a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction.

"The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."  8 U.S.C. § 1155.[6]

The Government contends that § 1252(a)(2)(B)(ii) precludes our review of this appeal because the decision to revoke an I-140 petition is discretionary.  Bonillo argues that § 1252(a)(2)(B)(ii) does not prohibit judicial review to determine whether the Agency adhered to its regulations, which he asserts is nondiscretionary action.  Specifically, before the district court, Bonillo argued that the Agency failed to adhere to its required notice regulations found in 8 C.F.R. §§ 205.2 and 103.8(a)(1).  He alleged that the I-140 notice of revocation was sent to Mr. Kravitz's old address in violation of the regulations and that he, as a self-petitioner, was entitled to notice

---

[5]    8 U.S.C. § 1252(a)(2)(B)(ii) provides that no court shall have jurisdiction to review "any other decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."

[6]    An I-140 visa is approved by the Secretary under § 1154.

under the regulations. Because of this failure, Bonillo asked the district court to "[d]eclare that the Plaintiffs' I-140 was not properly revoked and is therefore still valid . . . or in the alternative; [d]eclare that the Defendants failed to follow their own regulations when they failed to properly notify the attorney of record of their notice of intent to revoke the I-140 and compel them to re-serve the attorney of record . . . and provide him an opportunity to respond." (R. 1-1 at 9.)

We need not decide whether decisions to revoke visas under 8 U.S.C. § 1155 are discretionary and therefore precluded from judicial review by § 1252(a)(2)(B)(ii). This issue need not detain us because Bonillo is not asking to second-guess the Agency's decision to revoke his I-140 petition. Rather, he is asking for a determination of whether the Agency complied with its own regulations concerning its mandatory notification procedures. It is "an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). "Agencies must respect their own procedural rules and regulations." *Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) (citing *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S. Ct. 1055, 1074 (1974)). Whether the Agency violated the mandatory notice regulations goes to the merits of Bonillo's claims, not to jurisdiction.

5

Thus, we hold that 8 U.S.C. § 1252(a)(2)(b)(ii) does not strip the district court's subject matter jurisdiction in this particular instance to decide the question of whether the Agency complied with its own mandatory notice regulations.

Finally, the Government argues that Bonillo does not have standing to bring his claim. Specifically, it contends that only petitioner-employers, and not beneficiaries like Bonillo, can bring an action to review the Agency's decision to revoke an I-140 petition. The district court did not address this argument.

The issue on appeal is whether the district court had subject matter jurisdiction. Article III standing is jurisdictional. *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991) (citation omitted). We, however, are satisfied that Bonillo has Article III standing.[7] The remaining question is whether Bonillo has prudential standing. Because "prudential standing is flexible and not jurisdictional in nature," *Am. Iron & Steel Inst. v. Occupational Safety & Health Admin.*, 182 F.3d 1261, 1274 n.10 (11th Cir. 1999), we prefer that this issue be decided by the district court in the first instance.

---

[7] Article III requires that a plaintiff must have an injury in fact that is fairly traceable to the challenged conduct of the defendant that can be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992). Bonillo's I-140 petition was revoked, which led to the revocation of his I-485 petition for lawful permanent residency. This is a sufficient injury. This injury is traceable to the Government's conduct and would be redressable with a decision concluding that the revocation of the I-140 petition was unlawful.

III.

We express no opinion on the merits of Appellants' claims.  We reverse the district court's grant of the motion to dismiss for want of subject matter jurisdiction, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.