[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16307
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00068-JSM-AEP

SUNIL KUMAR KURAPATI,
BHARATHI MALLIDI,

Plaintiffs-Appellants,

versus

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. ATTORNEY GENERAL,
DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
CHIEF, ADMINISTRATIVE APPEALS OFFICE, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sunil Kurapati and his wife, Bharathi Mallidi, appeal the district court's denial of their motion for attorney's fees.  Kurapati and Mallidi filed the motion after the district court granted them summary judgment on their claim that the United States failed to provide them proper notice before revoking their immigrant visa petitions.  In the motion, Kurapati and Mallidi argued that they are entitled to attorney's fees under the Equal Access to Justice Act because the Government's initial position in defending against the notice claim—that they lacked standing— was not substantially justified.  The district court, however, rejected that argument. According to the court, the Government had a reasonable basis for its position since the law governing Kurapati and Mallidi's standing was unsettled.  On appeal, Kurapati and Mallidi contest the court's substantially-justified determination, asserting that the Government's contention that they lacked standing was foreclosed by various precedents from outside this circuit and the "Portability Provision" of the American Competitiveness in the Twenty-First Century Act.[1]

Under the Equal Access to Justice Act, a district "court shall award to a prevailing party other than the United States fees and other expenses, . . . unless the court finds that the position of the United States was substantially justified . . . ."

---

[1] The provision was codified at 8 U.S.C. § 1154(j).

28 U.S.C. § 2412(d)(1)(A).  A position of the United States is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988) (internal quotation marks omitted).  The "position can be justified even though it is not correct"; "it can be substantially . . . justified if a reasonable person could think it correct."  *Id.* at 566 n.2, 108 S. Ct. at 2550 n.2.

Reviewing the district court's substantially-justified determination for abuse of discretion, *see id.* at 558–59, 108 S. Ct. at 2546–47, we must affirm.  To establish abuse of discretion, Kurapati and Mallidi must show that "the district court made a clear error of judgment."  *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).  And they have failed to do so.

The Government's position on standing ultimately proved to be incorrect, but when the Government embraced the position, the position was reasonable.  *See Pierce*, 487 U.S. at 566 n.2, 108 S. Ct. at 2550 n.2.  The district court initially agreed with the Government's position and dismissed Kurapati and Mallidi's notice claim.  Our court then reversed the dismissal, finding that Kurapati and Mallidi had standing.  *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259–60 (11th Cir. 2014) (per curiam).  However, our opinion was the first opinion in this circuit to address the standing issue presented by Kurapati and Mallidi's notice claim.  *See id.*  Prior to that opinion, the issue was

3

sufficiently unsettled to justify the Government's position.[2]  Neither the Portability

Provision nor the decisions from outside this circuit upon which Kurapati and

Mallidi rely rendered the position unreasonable.  Indeed, the district court's initial

agreement with the position cuts against such a finding.  *See Pierce*, 487 U.S. at

566 n.2, 108 S. Ct. at 2550 n.2.

**AFFIRMED.**

---

[2] Kurapati and Mallidi argue that, after we reversed the district court's dismissal, the Government acted unreasonably because it continued to contest standing.  However, the record belies Kurapati and Mallidi's claim that the Government continued to contest standing.