[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15230
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-02188-CEM-GJK

ANESH GUPTA,

Plaintiff-Appellant,

versus

UNITED STATES ATTORNEY GENERAL,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES (USCIS),
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),
SERVICE CENTER DIRECTOR, CALIFORNIA SERVICE CENTER, USCIS,
FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE, USCIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 19, 2020)

Before WILSON, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

I.

Anesh Gupta, an alien in removal proceedings, appeals from the District Court's dismissal of his *pro se* petition for mandamus relief pursuant to 28 U.S.C. § 1361.[1]  This is the second of Gupta's two appeals simultaneously presented to this Court for review.  In the first, Gupta petitioned for our review of the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") order that Gupta be removed from the country for overstaying his visitor's visa, which expired in 2002.  We denied his petition and affirmed the order of removal.

In the instant case, Gupta seeks to compel the U.S. Citizenship and Immigration Service ("USCIS"), via writ of mandamus, to accept and adjudicate his Form I-751, Petition to Remove Conditions on Residence ("Form I-751").  The District Court dismissed the case, finding that Gupta did not have standing to ask the Court to issue the writ because he did not establish that he had conditional resident status at the time he filed Form I-751, a precondition to filing that form.  Because we find that our disposition of Gupta's petition for review of his order of

---

[1] Gupta also moves for us to take notice of the allegedly unlawful execution of his removal order to India.

2

removal renders Gupta's request for the writ moot, we affirm the District Court's dismissal.

## II.

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Kurapati v. U.S. Bureau of Citizenship and Immigration Serv.*, 775 F.3d 1255, 1259 (11th Cir. 2014). We may affirm the district court's dismissal on subject matter jurisdictional grounds "for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal quotations omitted). Though the District Court dismissed Gupta's complaint because he failed to establish standing to request a writ of mandamus, we affirm the dismissal because the record makes it clear that this request is moot.

A case is moot when the court's disposition will have no effect on the rights of the litigants. *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). In the immigration context, when a plaintiff is "no longer eligible to receive" the relief that he seeks, the district court is "compelled to dismiss [the] case as moot." *Id.* at 916.

We have denied the entirety of Gupta's contemporaneous petition for review of his order of removal from the country. In denying the petition, we found that substantial evidence supported the BIA's affirmance of the IJ's order of removal,

3

because the record indicates that all of Gupta's applications for a change or adjustment of his immigration status have universally been denied. Relevant to the writ being sought here, we determined that the IJ did not abuse its discretion in refusing to order a continuance to await adjudication of Gupta's Form I-751 because "the mere possibility that the exceptional collateral relief of mandamus would be granted (an unlikely outcome) did not constitute good cause to grant Gupta a seventeenth continuance of his removal proceedings." We likewise dismissed Gupta's other statutory, regulatory, and constitutional challenges to the order of removal. Therefore, Gupta now has no legal right to be present in the United States. This means he cannot claim to have conditional resident status, which is a prerequisite for the USCIS's consideration of a Form I-751. And that means the case is moot. The District Court's issuance of a writ of mandamus would do no good, as Gupta is now conclusively ineligible to receive the relief that he seeks; i.e., consideration of an I-751 petition to adjust his immigration status. *See Nyaga*, 323 F.3d at 913.

We affirm the District Court's dismissal of Gupta's petition for a writ of mandamus because the request is moot.

**AFFIRMED.**[2]

---

[2] Gupta's motion to take notice of unlawful execution of his removal order is **DENIED** because his allegations are not relevant to the ultimate outcome of his appeal, as they do not bear on his entitlement to a writ of mandamus. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.

4

1997).  Further, his motion invites us to engage in fact-finding on appeal, which we are precluded from doing.  *See Pullman-Standard v. Swint*, 456 U.S. 273, 291–92, 102 S. Ct. 1781, 1792 (1982) ("[T]he Court of Appeals should not have resolved in the first instance this factual dispute which had not been considered by the District Court.") (internal quotations omitted).