# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2024

Lyle W. Cayce
Clerk

_____

No. 23-20597

_____

Hung Huu Quoc Nguyen,

*Plaintiff—Appellant*,

*versus*

Ur M. Jaddou, *Director of U.S. Citizenship and Immigration Services*; Mary Elizabeth Brennan Seng, *Acting Director of U.S. Citizenship and Immigration Services Texas Service Center*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2106

_____

Before Smith, Engelhardt, and Ramirez, *Circuit Judges*.

Irma Carrillo Ramirez, *Circuit Judge*:

Hung Huu Quoc Nguyen (Nguyen) challenges the United States Citizenship and Immigration Services' (USCIS) revocation of its approval of his EB-3 visa petition. We AFFIRM the district court's dismissal for lack of subject-matter jurisdiction.

No. 23-20597

I

A

An EB-3 visa permits noncitizens (1) who perform "unskilled labor,"[1] and (2) have a full-time job offer, to work in the United States. *Employment-Based Immigration: Third Preference EB-3*, U.S. Citizenship & Immigr. Servs., https://perma.cc/MVX7-S7Y2. If a noncitizen worker is issued an EB-3 visa, he is eligible for adjustment of status to permanent resident under 8 U.S.C. § 1255(a).

There are generally three steps for adjustment of status. First, a prospective employer must apply for a labor certification[2] with the Department of Labor. 8 U.S.C. § 1182(a)(5)(A)(i). If the Department of Labor issues the labor certification, the employer can petition USCIS for an EB-3 visa on behalf of the noncitizen worker by filing a Form I-140, Petition for Immigrant Worker (I-140 petition). *See* 8 C.F.R. § 204.5(a), (c), (l)(1). The petition must include evidence that the employer can pay the noncitizen worker's proffered wage from the priority date[3] until he obtains lawful permanent residence. *Id.* § 204.5(g)(2). Finally, the noncitizen worker may apply for adjustment to permanent resident status by filing an Application for Permanent Residence (Form I-485). *Id.* § 245.2(a)(3)(ii). USCIS cannot

_____

[1] "Unskilled labor" is labor that requires less than two years of training or experience. 8 C.F.R. § 204.5(l)(2).

[2] A labor certification tells USCIS that "there are not sufficient U.S. workers able, willing, qualified and available" to do the job, and that the "employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers." U.S. Dep't of Labor, *Permanent Labor Certification*, Emp. and Training Admin., https://perma.cc/49AU-LH4W.

[3] "The priority date of any petition . . . accompanied by an individual labor certification . . . shall be the date the labor certification application was accepted for processing by any office of the Department of Labor." *Id.* § 204.5(d).

approve a Form I-485 without first approving the underlying I-140 petition, but a Form I-485 may be filed before the underlying petition is approved. *Id.* § 245.2(a)(2)(i).[4] If USCIS approves the Form I-485, the noncitizen worker becomes a lawful permanent resident. 8 U.S.C. § 1255(a).

B

On July 30, 2018, after acquiring a labor certification, Muy Pizza Tejas, LLC (Muy Pizza) filed an I-140 petition on Nguyen's behalf. Nguyen and his family, who were lawfully residing in the United States, applied for adjustment to permanent resident status on October 16, 2018. Over two years later, and while their applications were still pending, Muy Pizza sold the restaurant that employed Nguyen to Ayvaz Pizza, and Nguyen continued his employment under the new ownership.

USCIS subsequently approved Nguyen's I-140 petition. But on October 13, 2021, USCIS issued a Notice of Intent to Revoke the approval. The notice explained that an article reporting that MUY Companies sold several of its locations raised questions about Muy Pizza's intentions to employ Nguyen. It also stated that Muy Pizza did not establish its ability to pay Nguyen's proffered wages for two reasons. First, although there was sufficient evidence of Muy Pizza's net income for 2017 and 2020, the evidence was insufficient for 2018, 2019, and 2021. Second, the record was devoid of information about the "hundreds of other [I-140 petitions]" Muy Pizza had filed on behalf of other workers since Nguyen's priority date.

On January 7, 2022, counsel for Ayvaz Pizza and Nguyen responded to the notice; Muy Pizza did not. The response included Muy Pizza's financial audited statements for 2018 and 2019, and both pizza companies'

---

[4] The forms may also be filed concurrently. *See id.* § 245.2(a)(2)(i)(C).

unaudited profit and loss statements for 2021. It confirmed Ayvaz Pizza's purchase of Muy Pizza, declared that Ayvaz Pizza was Muy Pizza's successor-in-interest,[5] and asserted that Nguyen's I-140 petition was eligible for job portability under 8 U.S.C. § 1154(j). Under that portability provision, an I-140 petition for a beneficiary whose application for an adjustment of status has remained unadjudicated for 180 days or more remains valid if the beneficiary changes jobs or employers. 8 U.S.C. § 1154(j). Nguyen officially requested job portability soon after, and USCIS approved the request.

On March 22, 2022, USCIS revoked its approval of Nguyen's I-140 petition, concluding that it had been approved in error. The decision explained that Muy Pizza had failed to prove that it could pay Nguyen's proffered wage for 2020 and 2021, or to submit sufficient information regarding the other I-140 petitions it had filed.

On April 11, 2022, USCIS denied Nguyen's application for an adjustment of status and request for job portability based on the revocation of the underlying I-140 petition. Ayvaz Pizza filed a motion to reopen and reconsider the denial, but USCIS upheld the revocation. It explained that a motion to reopen must be filed by an "affected party"—defined by USCIS as "the person or entity with legal standing in a proceeding,"—and that Ayvaz Pizza was not an affected party because it had not filed the I-140 petition on behalf of Nguyen. On December 5, 2022, Nguyen filed a motion to reopen and reconsider the revocation in his own name, which USCIS denied.

_____

[5] A successor-in-interest assumes its predecessor-company's immigration benefits requests "[w]hen [the] company is bought, merged, changes corporate structure, or significantly changes owners." 6 U.S. CITIZENSHIP & IMMIGR. SERVS., POLICY MANUAL, pt. E, ch. 3 (2024), https://perma.cc/HAZ5-6U8Z.

No. 23-20597

## C

Nguyen and his family sued Ur M. Jaddou, in her official capacity as Director of USCIS, and Mary Elizabeth Brennan Seng, in her official capacity as Acting Director of USCIS Texas Service Center (collectively, USCIS), alleging that the agency's revocation and denials were arbitrary and capricious under the Administrative Procedure Act.

USCIS moved to dismiss for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. The district court granted the motion to dismiss, holding it lacked jurisdiction over the plaintiffs' claims because they amounted to a challenge of an unreviewable discretionary decision. Nguyen appeals the dismissal.[6]

## II

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Elldakli v. Garland*, 64 F.4th 666, 669 (5th Cir. 2023).

## III

The Immigration and Nationality Act (INA) precludes judicial review of the discretionary decisions made by the Attorney General or the Secretary of Homeland Security (Secretary), and "any judgment regarding the granting of relief under . . . [§] 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i).[7] Whether to revoke the approval of an I-140 petition is a decision left to the discretion of the Secretary. *Id*. § 1155. She may exercise this discretion at any time during the immigrant visa process "for what [s]he deems to be good and sufficient cause." *Id*. Similarly, whether to adjust an alien's legal status "to that of an alien lawfully admitted for permanent

---

[6] Only Nguyen is a party to this appeal.

[7] This is subject to some exceptions not relevant to this appeal. *See id*.

residence" is a decision left to the discretion of the Attorney General. *Id*. § 1255(a).

A

Nguyen contends that the district court has subject matter jurisdiction over his suit on two grounds. He first argues that his I-140 petition met the portability provision requirements under 8 U.S.C. § 1154(j), which divested the Secretary of her discretion to revoke his I–140 petition because section 1154(j)'s "shall remain valid" language is incompatible with section 1155's broad "good and sufficient cause" standard. The district court held that the portability provision did not apply to Nguyen's I-140 petition at the time its approval was revoked. We agree.

The portability provision was enacted to provide job flexibility to adjustment-of-status-applicants experiencing long delays. 8 U.S.C. § 1154(j). It reads,

> [An I-140] petition . . . for an individual whose application for adjustment of status . . . has been filed and remained unadjudicated for 180 days or more *shall remain valid* with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

*Id*. (emphasis added).

"[T]he statutory text [of 8 U.S.C. § 1154(j)] creates two requirements: that the application for adjustment of status (1) 'has been filed' and that it (2) has 'remained unadjudicated for 180 days or more.'" *Khalil v. Hazuda*, 833 F.3d 463, 468 (5th Cir. 2016). Under 8 C.F.R. § 245.25(a)(2)(iii), to qualify for job portability, "approval of the qualifying petition [cannot have] been revoked." As USCIS argues, an I-140 petition must first be valid in order to *remain* valid. *See Herrera v. U.S. Citizenship &*

*Immgr. Servs.*, 571 F.3d 881, 887 (9th Cir. 2009) (holding that the portability provision did not affect the Secretary's revocation authority because USCIS determined that the petition at issue was approved in error, and "in order for a petition to 'remain' valid, it must have been valid from the start"); *see also* 7 U.S. Citizenship & Immigr. Servs., Policy Manual, pt. E, ch. 5 (2024), https://perma.cc/747D-5DNA ("An unadjudicated petition is not valid merely because the petition was filed with USCIS or through the passage of 180 days. . . . If at any time USCIS revokes approval of the petition, the applicant is not eligible for the job flexibility provisions of Section 106(c) of AC21.").

Here, Nguyen's application for an adjustment of status was filed on October 16, 2018, and remained unadjudicated until it was denied on April 11, 2022, over 180 days later. Nevertheless, USCIS informed Nguyen that his I-140 petition had been approved in error because Muy Pizza had not established its ability to pay his proffered wage; accordingly, the petition was invalid from the start, and the portability provision did not apply to Nguyen's petition when it was revoked.[8] This case therefore "fall[s] within the ambit of th[e] jurisdiction-stripping provision of the INA and . . . [is] not subject to judicial review." *Khalil*, 833 F.3d at 467.[9]

---

[8] Notably, the Notice of Intent to Revoke acknowledged that Muy Pizza established its ability to pay Nguyen's proffered wages for 2020, but USCIS revoked its approval because Muy Pizza failed to prove that it could pay Nguyen's proffered wage for 2020 and 2021. Nevertheless, the notice also requested information regarding the I-140 petitions Muy Pizza had filed on behalf of other beneficiaries, and USCIS's revocation decision indicates that the responsive information submitted was insufficient.

[9] Nguyen asks this court to answer the question left open in *Khalil v. Hazuda*, 833 F.3d 463, 469–70 (5th Cir. 2016): "[W]hether [the portability provision], when it applies, creates an exception to this circuit's general rule that USCIS's petition revocation decisions are discretionary decisions not subject to judicial review." In *Khalil*, USCIS denied the plaintiff's adjustment of status application and subsequently revoked its approval of his I-140 petition. 833 F.3d at 465–66. Like Nguyen, the plaintiff argued that

No. 23-20597

B

Nguyen proposes an alternate basis for subject matter jurisdiction. He argues that the district court has jurisdiction to review several procedural errors made by USCIS citing *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255 (11th Cir. 2014). In *Kurapati,* the Eleventh Circuit held that 8 U.S.C. § 1252(a)(2)(B)(ii) does not bar judicial review "of the conduct of . . . administrative proceedings," noting that "[e]ven when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations." 775 F.3d at 1262 (citations omitted).

Nguyen first alleges that USCIS erred when it failed to make a successor-in-interest determination regarding Ayvaz Pizza. Contrary to USCIS's claim that Ayvaz Pizza was required to submit an amended I-140 petition to trigger a successor-in-interest determination, Nguyen argues that a new or amended petition is not required when a beneficiary's I-140 petition is eligible for job portability.

USCIS's Policy Manual dictates that in order to assume a predecessor's immigration benefits requests, a prospective successor-in-interest must file a new or amended I-140 petition and provide evidence establishing itself as a genuine successor-in-interest. *See* 6 U.S. Citizenship & Immigr. Servs., Policy Manual, pt. E, ch. 3 (2024), https://perma.cc/HAZ5-6U8Z (explaining that "[i]f such a

_____

the portability provision stripped USCIS of its authority to revoke its approval. *Id*. at 467. The panel held that the plaintiff "[could not] benefit from the application of the portability provision" and expressly declined to address the broader legal question presented. *Id*. at 468, 469–70. As in *Khalil*, Nguyen cannot "benefit" from the portability provision's protections. *Id*. at 468. Accordingly, we need not answer the question left open in *Khalil*, *i.e.*, whether the portability provision carves out an exception to the prohibition of judicial review of USCIS's discretionary decisions.

8

successor company acquires all or some of a business from a predecessor company, it may file . . . . a new or amended petition if the predecessor has already filed a petition" and "must file such petitions within the validity period of the permanent labor certification"). Indeed, "[i]n cases where a beneficiary is eligible for portability [under 8 U.S.C. § 1154(j)], a successor entity need not file a new petition on the beneficiary's behalf, provided that all the [portability provision's] requirements have been met." *Id*. As established, Nguyen's I-140 petition did not qualify for job portability. Ayvaz Pizza was therefore required to file a new or amended I-140 petition on his behalf, and it did not. Nguyen has not established that USCIS's failure to make a successor-in-interest determination was erroneous.

Nguyen also argues that USCIS erred when it required Muy Pizza to prove that it could pay Nguyen's proffered wage past July 30, 2018, because when a petition qualifies for job portability, USCIS must determine "whether the petitioner established its ability to pay the proffered wage from the priority date until the filing date of the petition." 6 U.S. Citizenship & Immigr. Servs., Policy Manual, pt. E, ch. 4 (2024), https://perma.cc/26JE-M9E4. Here, too, Nguyen's argument rests on the premise that his petition qualified for job portability, but it did not.

Even if we adopted the holding in *Kurapati*, we agree with the district court that the record does not reveal a specific procedural error made by USCIS. And Nguyen does not identify a binding regulation that USCIS declined to follow.

\* \* \*

Because the district court did not have subject matter jurisdiction over Nguyen's claims under 8 U.S.C. § 1252(a)(2)(B), its judgment is AFFIRMED.