[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13385

Non-Argument Calendar

_____

T & B HOLDING GROUP, LLC,

Plaintiff-Appellant,

*versus*

U.S. ATTORNEY GENERAL,
SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION
SERVICES (USCIS),
DIRECTOR, TEXAS SERVICE CENTER, U.S.
CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01398-WWB-EJK

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

T & B Holding Group, LLC ("T & B") appeals the district court's order dismissing without prejudice its complaint challenging the decision of the United States Citizenship and Immigration Services ("USCIS") revoking its prior approval of Vito Tuozzolo's I-140 petition for permanent resident status and its denial of Tuozzolo's I-129 petition for nonimmigrant status under the Administrative Procedure Act ("APA").  In brief, Tuozzolo had worked as a director for Indcom Industrias y Comercio, C.A., one of T & B's affiliates in Venezuela, from 2004 until 2007, then as director and partner from 2007 to 2014, and finally as director and partner of its Orlando, Florida, office since 2014.  In 2013, USCIS approved through 2014 Tuozzolo's first I-129 petition for an L1-A nonimmigrant visa based on his work as an "executive and manager" for T & B.  In 2014, Tuozzolo entered the United States, and USCIS granted another I-129 petition to renew and extend Tuozzolo's nonimmigrant visa through 2016.  However, in 2019, USCIS issued a notice of intent to revoke ("NOIR") its prior approval of Tuozzolo's I-140 petition on the grounds that T & B had not previously

shown that Tuozzolo had "acted in primarily an executive or managerial capacity." In 2020, USCIS denied a third I-129 petition, which the Administrative Appeals Office ("AAO") affirmed. T & B filed a complaint in the United States District Court for the Middle District of Florida, raising both substantive challenges to USCIS's decision as well as claims of procedural error, arguing, among other things, that the USCIS AAO revoked Tuozzolo's petition on a ground not stated in the NOIR.

The district court dismissed T & B's complaint for lack of subject matter jurisdiction under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii). On appeal, T & B argues that: (1) the district court erred by dismissing its complaint for lack of subject matter jurisdiction because the INA does not bar review of its claims that USCIS committed procedural error in its revocation decision and that it erred in its nondiscretionary decision that he was not statutorily eligible for the granting of his I-140 petition; and (2) the district court abused its discretion by failing to *sua sponte* provide it with an opportunity to amend its pleadings before dismissing the case without prejudice. After thorough review, we affirm in part and vacate and remand in part.

## I.

We review subject matter jurisdiction *de novo*. *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157, 1161 (11th Cir. 2023), *aff'd sub nom. Bouarfa v. Mayorkas*, 604 U.S. 6 (2024).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."

*Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," adding that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). "The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov*, 986 F.3d at 1324 (citations and quotations omitted). "These rules were also written for the benefit of the court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant." *Id*. (citations and quotations omitted).

We've identified four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that . . . [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the

defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

## II.

The main issue on appeal is whether the district court erred in dismissing T & B Holding Group's complaint for lack of subject matter jurisdiction on the ground that T & B's claims challenging USCIS's revocation of its prior approval of Tuozzolo's I-140 petition for permanent resident status were unreviewable under the INA. Based on intervening binding case law, we reject T & B's argument that the district court erred in dismissing for lack of jurisdiction its claims of substantive error challenging the revocation decision, although we agree that the district court erred in dismissing its argument alleging procedural error.

In *Bouarfa*, a panel of our Court held that a revocation under 8 U.S.C. § 1155 "is a discretionary decision not subject to judicial review" per the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B). 75 F.4th at 1161. We began by explaining that "revocation is discretionary -- no matter the basis for revocation." *Id*. at 1162. This is because "[t]he only statutory predicate for revocation is that the Secretary deems there to be good and sufficient cause," and "nothing in the statute *requires* the Secretary to revoke the approval of a

petition in any circumstance, even when the Department later determines that the approval was in error." *Id.* "Neither does anything in the statute *prohibit* the Secretary from revoking the approval of any petition." *Id.*

Delving further, we described the two types of claims challenging discretionary decisions that are not subject to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B): (1) "a claim that the Secretary erred when he made a non-discretionary determination that is a statutory predicate to his exercise of discretion," and (2) "a claim that the Secretary failed to follow the correct procedure in making a discretionary decision." *Id.* at 1163. As for the second category of claims, we stressed that not "all assertions of procedural error necessarily subject the Secretary's actions to judicial review." *Id.* So, for example, "'[a] petitioner may not sidestep the jurisdictional bar in [section] 1252(a)(2)(B) by reframing a challenge to the agency's denial of relief as a claim of procedural error'" . . . "[w]hen the Secretary has exercised his discretion to deny relief and determined that an earlier procedural error was immaterial to that denial." *Id.* (quotations omitted).

Thus, we said that "[a] claim that the Secretary reached the wrong outcome when he decided how to exercise his discretion stands in stark contrast to a claim of error in determining statutory eligibility or a claim of procedural error." *Id.* Applying this case law to Bouarfa's claim, we held that it was not reviewable under § 1252(a)(2)(B) because he was arguing that the Secretary had reached the wrong outcome in determining that there was good

and sufficient cause to revoke the approval of her petition.  *Id.* at 1164.  It did not matter that the plaintiff asserted that the Secretary erroneously applied a standard that the agency had articulated "to guide its evaluation of whether good and sufficient cause exists" because that claim boiled down to the argument "that the Secretary reached the wrong conclusion."  *Id.*

Following our decision in *Bouarfa*, the Supreme Court granted certiorari and affirmed, holding that district courts lack jurisdiction to review a § 1155 revocation decision because it is a discretionary decision that is unreviewable per § 1252(a)(2)(B)(ii).  *Bouarfa*, 604 U.S. at 9.  In its opinion, the Supreme Court expressed no view as to whether a lawsuit alleging claims of constitutional or procedural violations relating to the revocation decision would be reviewable because the plaintiff did not allege any claims like that.  *Id.* at 18 n.5.  It also declined to address "whether § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review threshold determinations that the agency must make before exercising discretion."  *Id.* at 19.

Some earlier decisions bear on the case before us as well.  In *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, we considered whether a district court erred by dismissing a complaint challenging a revocation decision for lack of jurisdiction.  775 F.3d 1255, 1259 (11th Cir. 2014).  In that case, the petitioners argued that "USCIS failed to follow the correct procedure in revoking the I-140 petitions" because it failed to provide them with prior notice of its revocation decision.  *Id.* at 1259–60, 1262.  We concluded that "[e]ven when a decision is committed to agency discretion, a court

may consider allegations that an agency failed to follow its own binding regulations." *Id.* at 1262 (quotations omitted).  For that reason, we held that the district court had subject matter jurisdiction over the claims raised in the complaint.  *Id.*

In *Matter of Arias*, the Board of Immigration Appeals ("BIA") said it would overturn a revocation decision where a NOIR is "based upon an unsupported statement or an unstated presumption, or where the petitioner is unaware and has not been advised of derogatory evidence," "even if the petitioner did not make a timely response to the" NOIR.  19 I. & N. Dec. 568, 569–70 (BIA 1988).  The BIA stressed that a revocation decision could only be based on the specific factual allegations made in the NOIR.  *Id.* at 570.

Applying this body of case law to the claims before us, we conclude that the district court did not err in dismissing part of T & B's complaint for lack of jurisdiction.  Under the Supreme Court's *Bouarfa* decision, the district court lacked jurisdiction to consider any substantive challenges to USCIS's decision to revoke its prior approval of Tuozzolo's visa petition.  For that reason, the district court was correct to dismiss the part of T & B's complaint that relied on substantive challenges to the USCIS's decision.

However, the district court erred by concluding that T & B failed to assert *any* reviewable claims challenging the revocation decision.  As we've explained, the Supreme Court in *Bouarfa* expressly did not address whether claims of procedural error challenging a revocation decision are likewise barred.  Therefore, it did not

23-13385                Opinion of the Court                9

disturb our binding precedent holding that claims of procedural error challenging a discretionary revocation decision are reviewable. *See Bouarfa*, 75 F.4th at 1163; *Kurapati*, 775 F.3d at 1262.  For that reason, the district court had jurisdiction to consider any claims of procedural error asserted by T & B, so long as they were not simply claims of substantive error reframed as procedural.

T & B argues on appeal that it raised a reviewable claim of procedural error in its complaint -- i.e., the claim that the USCIS AAO revoked Tuozzolo's petition on a ground not stated in the NOIR, which T & B refers to as a "mismatch claim."  In analyzing this argument, we begin by noting that T & B did not explicitly bring the mismatch claim in any of the numbered counts in its complaint.  In its numbered counts, T & B argued that the revocation decision was arbitrary and capricious under the APA because it was not supported by substantial evidence, USCIS applied a higher standard of proof than the one required, and USCIS failed to explain why it "believed the claims were probably not true in violation of its own precedent."  Those allegations are unreviewable claims of substantive error reframed as procedural, as the district court concluded in its dismissal order, because they effectively boiled down to the claim that USCIS and the AAO weighed the evidence incorrectly and reached the wrong conclusion. *Bouarfa*, 75 F.4th at 1163–64.

However, in a section titled "ARGUMENT," T & B *also* squarely raised the NOIR mismatch claim, arguing that the AAO revoked its prior approval of Tuozzolo's visa petition on a ground

that was not raised in the NOIR, citing to *Matter of Arias* in support. The district court did not make clear why it concluded that T & B did not assert any claims regarding the NOIR in its complaint; it appears that the district court concluded that the mismatch claim made in the "ARGUMENT" section of the complaint was not properly raised because it was not included among the numbered counts. However, Federal Rule of Civil Procedure 10(b) only requires each claim to be stated in a separate count "[i]f doing so would promote clarity," so Rule 10(b) alone does not sufficiently support the court's conclusion that T & B did not properly raise the mismatch claim. *See* Fed. R. Civ. P. 10(b).

At most, T & B's complaint could be said to be comparable to the third type of shotgun pleading identified in *Weiland* -- i.e., a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief" -- because it did not assert the mismatch claim in a separate, numbered count. *Weiland*, 792 F.3d at 1321–23. But even so, the mismatch claim is clearly delineated separately from the claims in the numbered counts and does not create a concern that the defendants or the court lacked sufficient notice about it. To hold otherwise would elevate form over substance in a way that the pleading rules do not require, especially since the allegations in the "ARGUMENT" section included explicit legal arguments in support of the mismatch claim -- and not just lone factual allegations, as the district court described them.

Because T & B sufficiently raised the NOIR mismatch claim in its complaint, the only issue left to consider is whether the mismatch claim is a reviewable claim of procedural error. In substance, T & B's NOIR mismatch claim is effectively a claim that USCIS "failed to follow the correct procedure" in reaching its discretionary revocation decision. *See Bouarfa*, 75 F.4th at 1163. The mismatch claim does not argue that USCIS or the AAO reached the wrong decision or improperly weighed the evidence. Rather, it argues that the AAO revoked the approval of Tuozzolo's visa petition in a way that it lacked discretion to do because its revocation was based on a ground not stated in the NOIR. Further, the claim posits that the AAO failed to comply with binding precedent -- specifically, *Matter of Arias*, in which the BIA held that a revocation decision cannot be based on an allegation not raised in the NOIR.

Thus, much like the claim in *Kurapati*, T & B's mismatch claim boils down to the assertion that "USCIS failed to follow the correct procedure," which is exactly the type of claim we've found reviewable because "[e]ven when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations." *Kurapati*, 775 F.3d at 1262 (quotations omitted). Additionally, T & B's NOIR mismatch claim is *unlike* the claim asserted in *Bouarfa* because it does not boil down to the claim that USCIS and the AAO reached the wrong decision in making the revocation decision. *See Bouarfa*, 75 F.4th at 1163–64. Accordingly, we affirm the district court's dismissal of T & B's claims of substantive error, but we vacate and remand for the

12                    Opinion of the Court                    23-13385

district court to consider T & B's NOIR mismatch claim, which is a reviewable claim of procedural error.[1]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[1] Because we conclude that the district court erred in dismissing part of T & B's complaint, we need not address whether the district court should have allowed an amendment *sua sponte*.