## In re Julio Antonio CORDOVA, Respondent

### File A91 432 440 - Fishkill

*Decided August 6, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) If the evidence in the record does not indicate that an alien has been convicted of an aggravated felony or charged with deportability under section 237(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(4) (Supp. II 1996), the Immigration Judge has the duty to provide the alien with information about the availability and requirements of voluntary departure under section 240B(a) of the Act, 8 U.S.C. § 1229c(a) (Supp. II 1996), and to provide the alien the opportunity to apply for this relief prior to taking the pleadings.

(2) An alien does not forfeit the right to apply for voluntary departure under section 240B(a) of the Act by appealing an erroneous denial of this relief.

John A. Tapia, Esquire, Elmhurst, New York, for respondent

David V. Roy, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HOLMES, HURWITZ, VILLAGELIU, FILPPU, ROSENBERG, MATHON, GUENDELSBERGER, GRANT, SCIALABBA, and MOSCATO, Board Members. Dissenting Opinion: HEILMAN, Board Member, joined by COLE and JONES, Board Members.

GRANT, Board Member:

In an oral decision dated March 26, 1998, an Immigration Judge denied the respondent's request for voluntary departure and ordered him removed from the United States. The respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent appeared before the Immigration Judge for his initial hearing on March 26, 1998. The respondent, through counsel, admitted the allegations, conceded removability under section 237(a)(1)(B) of the

Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B) (Supp. II 1996), as a nonimmigrant who remained longer than permitted, and designated Peru as the country for removal. He further stated that he wanted to apply for cancellation of removal and voluntary departure. However, the Immigration and Naturalization Service submitted evidence of a conviction for which the respondent served 321 days in jail. After an off-the-record discussion, the parties conceded that the respondent was not eligible for cancellation of removal, as he was precluded from establishing good moral character under section 101(f)(7) of the Act, 8 U.S.C. § 1101(f)(7) (1994). The respondent did not object to this determination and made no further attempts to apply for this relief, i.e., he did not request the opportunity to file an application for relief or request a continuance of the proceedings. Without further inquiry or discussion regarding the requirements of section 240B(a) of the Act, 8 U.S.C. § 1229c(a) (Supp. II 1996), the Immigration Judge concluded that the respondent was also ineligible for voluntary departure because he could not establish good moral character.

## II. APPELLATE ARGUMENTS

On appeal, the respondent argues that the Immigration Judge erred in denying voluntary departure. Specifically, the respondent contends that the Immigration Judge erred in requiring him to establish good moral character, as this is not a requirement for voluntary departure under section 240B(a) of the Act.

In response, the Service concurs with the Immigration Judge's findings and urges this Board to adopt his decision.

## III. STATUTORY AND REGULATORY REQUIREMENTS

Under section 240B(a) of the Act, an alien may be granted voluntary departure for a period of up to 120 days without being required to establish good moral character if the relief is granted prior to the completion of such proceedings. *Matter of Arguelles*, 21 I&N Dec. 3399 (BIA 1999). Regulations have been promulgated which provide further requirements for granting voluntary departure under section 240B(a) of the Act. Under the regulations set forth at 8 C.F.R. § 240.26(b)(1)(i) (1998), an alien is eligible for voluntary departure pursuant to section 240B(a) of the Act if he or she:

(A) Makes such request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing;

(B) Makes no additional requests for relief (or if such requests have been made, such requests are withdrawn prior to any grant of voluntary departure pursuant to this section);

(C) Concedes removability;

(D) Waives appeal of all issues; and

(E) Has not been convicted of a crime described in section 101(a)(43) of the Act and is not deportable under section 237(a)(4).

## IV. MERITS OF THE RESPONDENT'S APPEAL

There is no contention that the respondent has been convicted of a crime described in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994 & Supp. II 1996), or is deportable under section 237(a)(4) of the Act. Accordingly, the only issues relating to the respondent's eligibility for this relief are whether he made his request for voluntary departure at his master calendar hearing, whether he made additional requests for relief, whether he is barred from eligibility for voluntary departure under section 240B(a) because he filed an appeal, and whether he was adequately advised of the conditions under which he could apply for voluntary departure under section 240B(a) of the Act.

### A. Master Calendar Hearing

In order to be eligible to apply for voluntary departure under section 240B(a) of the Act without establishing good moral character, an alien must make "such request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 240.26(b)(1)(i)(A); *see also Matter of Arguelles, supra.* Neither the Act nor the regulations define a "master calendar hearing." However, we understand such a hearing to be a preliminary stage of the proceedings at which, even though little or no testimony is taken, the Immigration Judge has great flexibility to identify issues, make preliminary determinations of possible eligibility for relief, resolve uncontested matters, and schedule further hearings. In addition, this is the stage of the proceedings at which the Immigration Judge generally ensures that an alien has been advised of his or her rights under the Act and applicable regulations, including rights to apply for relief, and has been given notice and warnings regarding his or her obligation to attend future hearings, file applications and evidence in a timely manner, and otherwise cooperate with orders of the Immigration Court.

The Immigration Judge erred in concluding that the respondent could not apply for voluntary departure once removal proceedings had been initi-

ated under section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996). Neither party disputes that the respondent requested voluntary departure at his master calendar hearing.[1] Moreover, the record indicates that this was his initial hearing, and no separate merits hearing was scheduled. Therefore, the respondent requested voluntary departure at the appropriate point in the proceedings and should have been allowed to pursue this relief.

## B. Additional Requests for Relief

An alien may make no other requests for relief or must withdraw any previously made requests for relief in order to be eligible for voluntary departure under section 240B(a) of the Act. 8 C.F.R. § 240.26(b)(1)(i)(B); *see also Matter of Arguelles, supra*. In this case, the respondent stated that he wanted to apply for cancellation of removal. This request, however, should not preclude him from eligibility for voluntary departure under section 240B(a) of the Act. The respondent presented no objection on the record to the Immigration Judge's determination that he was ineligible for cancellation of removal and, importantly, he took no further actions, such as submitting an application or requesting a continuance, to do so.[2] *See* 8 C.F.R. § 240.20(a) (1998). Even if this inquiry about his eligibility for cancellation of removal is considered a "request for relief," his failure to pursue it should be seen as a withdrawal of such request before the Immigration Judge, particularly where, as discussed below, the respondent was not advised that he could apply for voluntary departure under section 240B(a). Therefore, under the circumstances, we find that this respondent should not be prevented from seeking voluntary departure based on his inquiry about cancellation of removal and his failure to formally withdraw the request.

## C. Waiver of Appeal

To be eligible for voluntary departure under section 240B(a) of the Act, an alien must also waive appeal of all issues. 8 C.F.R. § 240.26(b)(1)(i)(D); *see also Matter of Arguelles, supra*. In this case, however, the Immigration Judge erred in failing to even consider the respondent's potential eligibility for voluntary departure under section 240B(a) of the Act, applying instead

---

[1]We do not address in this decision the situation where an alien has been scheduled for a merits hearing.

[2]The respondent contested the denial of both voluntary departure and cancellation of removal on the Notice of Appeal (Form EOIR-26). However, in his brief, he withdrew his appeal of the denial of cancellation of removal. Therefore, we do not consider this issue to have been contested on appeal by the respondent. *See generally Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995), *cert. denied*, 519 U.S. 834 (1996); *Matter of Fedorenko*, 19 I&N Dec. 57, 72 (BIA 1984).

the more stringent standard for section 240B(b).[3]  Thus, the Immigration Judge deprived the respondent of a meaningful opportunity to apply for a form of relief for which he was, in fact, eligible. The respondent's attempt to correct the Immigration Judge's error through an appeal should not cause him to lose the right to apply for voluntary departure simply because his request was improperly denied. Therefore, he should be given the opportunity to apply for the correct form of relief. *See Waldron v. INS*, 17 F.3d 511 (2d Cir. 1993), *cert. denied*, 513 U.S. 1014 (1994).

We do not find that the respondent's appeal from the denial of his request for cancellation of removal is inconsistent with his position that he is entitled to seek relief under section 240B(a) of the Act. The fundamental problem presented is confusion concerning both the rights and the requirements contained in the regulations that govern voluntary departure. If the respondent had been properly informed of his eligibility for voluntary departure and the requirement that he must withdraw his request for any other forms of relief, we could find that an appeal from the denial of cancellation of removal would render him ineligible under section 240B(a). However, because the respondent was not informed of his rights under section 240B(a), and because he withdrew his appeal on the issue of cancellation of removal, we conclude that the appeal is not detrimental to his request for voluntary departure.

### D. Immigration Judge's Duty To Inform
### Aliens of Apparent Eligibility

An Immigration Judge has a duty to inform aliens of potential forms of relief for which they are apparently eligible, including voluntary departure. The relevant regulation provides that "[t]he Immigration Judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing."  8 C.F.R. § 240.11(a)(2) (1998).[4]  In order

---

[3]Under section 240B(b) of the Act, an alien may be granted 60 days' voluntary departure at the conclusion of proceedings if the alien can show, inter alia, good moral character for a period of 5 years immediately preceding the application for relief. *See Matter of Arguelles, supra*.

[4]The previous regulation requiring Immigration Judges to inform aliens of apparent eligibility for relief did not include voluntary departure. 8 C.F.R. § 242.17(a) (1997) (requiring Immigration Judges "to inform the respondent of his or her apparent eligibility to apply for any of the benefits enumerated in *this paragraph* and . . . afford the respondent an opportunity to make application therefor during the hearing" (emphasis added)).  Rather, the opportunity to apply for voluntary departure was described in 8 C.F.R. § 242.17(b), which contained no notification requirement. In contrast, the current regulation applicable in this case requires Immigration Judges to inform the respondent of apparent eligibility for all "benefits enumerated in this *chapter*," which includes voluntary departure. 8 C.F.R. § 240.11(a)(2) (emphasis added).

to accord full due process to all aliens who may be eligible for voluntary departure under section 240B(a) of the Act, the Immigration Judge must notify all aliens who are apparently eligible of the availability of voluntary departure under section 240B(a) of the Act.

To ensure that all aliens are informed of this relief in a manner which allows them to timely apply, the Immigration Judge should notify any respondent who is apparently eligible for this relief of that fact and give the person an opportunity to apply for relief no later than at the master calendar hearing at which the case is initially calendared for a merits hearing. If, as in the present case, there is no separate master calendar hearing, the information regarding section 240B(a) and the opportunity to apply for this form of voluntary departure should be provided prior to the taking of pleadings in the matter, so that the respondent will not inadvertently waive his or her right to apply for relief. We note that an alien's apparent eligibility for voluntary departure under section 240B(a) of the Act would be shown if there is no evidence in the record that the alien has been convicted of an aggravated felony under section 101(a)(43) of the Act or that the alien has been charged with deportability under section 237(a)(4) of the Act. The Immigration Judge should also advise the alien at this time that relief under section 240B(a) will be forfeited if the alien contests removability or pursues other applications for relief. Finally, the Immigration Judge should explicitly advise the alien that he or she must waive the right to appeal in order to be granted this form of voluntary departure.

We emphasize that this decision is intended to complement the guidance set forth by this Board in *Matter of Arguelles*, *supra*, and not to alter or modify that decision in any respect. For example, our present holding regarding the Immigration Judge's obligation to inform respondents of the availability of relief under section 240B(a) and to provide an opportunity to apply for such relief does not alter any observation in *Matter of Arguelles* that an alien is not bound to apply for this relief at the *initial* master calendar hearing. We reiterate that voluntary departure under section 240B(a) is a tool that Immigration Judges can use to efficiently dispose of numerous cases on their docket. However, in order to ensure that this tool is utilized fairly, it is critical that respondents be informed of the requirements for relief, as well as their apparent eligibility, and that they be given the opportunity to apply for such relief in a timely manner.

## V. CONCLUSION

The respondent conceded removability, requested voluntary departure at his initial master calendar hearing, and did not pursue other forms of relief. He was not informed of the conditions under which he could apply for voluntary departure under section 240B(a) of the Act and was, in fact,

denied a meaningful opportunity to apply for this relief. As the respondent was apparently eligible for voluntary departure, he should have been informed of this fact and provided an opportunity to apply. Because this is a discretionary form of relief, and because the Immigration Judge has the authority and discretion to impose a bond under section 240B(a)(3) of the Act, it is appropriate to remand this matter to the Immigration Judge for consideration of the respondent's application in the exercise of discretion. *See Matter of Arguelles, supra.* Accordingly, the appeal will be sustained and the record will be remanded.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order of March 26, 1998, is vacated, and the record is remanded to the Immigration Court for further proceedings consistent with this opinion.

Board Member Neil P. Miller did not participate in the decision in this case.

*DISSENTING OPINION:* Michael J. Heilman, Board Member, in which Patricia A. Cole and Philemina M. Jones, Board Members, joined

I respectfully dissent.

I disagree with the majority's conclusion that the respondent was eligible for and should have been granted voluntary departure under section 240B(a) of the Act, 8 U.S.C. § 1229c(a) (Supp. II 1996). Because the respondent requested cancellation of removal, which was denied, and filed a subsequent appeal, he was not eligible for voluntary departure under section 240B(a). I also find that it was unnecessary for the Immigration Judge to inform the respondent of "master calendar" voluntary departure.

## I. DEFINITION OF A MASTER CALENDAR HEARING

The majority states that neither party disputes the fact that the respondent requested voluntary departure during the "master calendar" hearing. This characterization is misleading. The issue of whether the respondent requested this relief at the proper point in the proceedings was not raised by either of the parties. It is a crucial issue which must be addressed in determining whether the respondent is eligible for voluntary departure. The majority concludes, however, that there was a "master calendar" hearing without considering whether the type of hearing actually held here is contemplated in the Act and the regulations.

I do not think this was a "master calendar" hearing as contemplated by the regulation. Under 8 C.F.R. § 240.26(b)(1)(i)(A) (1998), an alien is eligible for voluntary departure under section 240B(a) if he or she "[m]akes

such request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing." In this case, the respondent's hearing was never scheduled for a separate merits hearing. Rather, the respondent's entire merits hearing was held during the respondent's first appearance before the Immigration Judge.

As noted by the majority, there is no clear statutory or regulatory definition of a "master calendar" hearing. Rather than propose a definition, however, the majority provides a loose concept of a master calendar hearing as it perceives it. The hearing that was held in this case went well beyond that disposition of matters described by the majority as appropriate to a "master calendar" hearing.

Given the new consequences attached to the transition from a master calendar hearing to an individual merits hearing, I think it is necessary to have a clear definition of a master calendar hearing. While it is important that Immigration Judges have flexibility in handling their caseload, it is equally important that aliens and their counsel have a clear understanding of the type of hearing in order to know whether or not relief such as voluntary departure is available. A clear definition would also promote a more uniform practice. Accordingly, I suggest that a definition of a master calendar hearing be provided either through regulation or precedent decision.

This Board recently articulated our belief that Immigration Judges were given broad authority over voluntary departure prior to the conclusion of proceedings in order to promptly conclude cases. *Matter of Arguelles*, 22 I&N Dec. 3399 (BIA 1999). Continued eligibility for "master calendar" voluntary departure after an alien has been given his entire merits hearing, no matter how abbreviated, does not promote a prompt conclusion of the case.

## II. ADDITIONAL REQUESTS FOR RELIEF

I disagree with the majority's conclusion that the respondent's request for cancellation of removal should not disqualify him for voluntary departure under section 240B(a) of the Act. Because he requested both voluntary departure and cancellation of removal, the respondent was not eligible for voluntary departure at the time of his request. The regulation cited by the majority clearly shows that an alien cannot be eligible for this relief if he or she has made other requests for relief that have not been withdrawn. 8 C.F.R. § 240.26(b)(1)(i)(B). The respondent requested cancellation of removal and never withdrew this request. To support the idea that the respondent withdrew his request, the majority points out that he never filed an application. However, there was no reason for the respondent to file an application or withdraw his request, as the Immigration Judge concluded that he was not eligible for this relief.

Moreover, the respondent's appeal of the denial of cancellation of removal indicates that he did not withdraw his request for this relief and was therefore ineligible for voluntary departure under section 240B(a). While his subsequent withdrawal of this request for relief, on appeal, indicates that it is not an issue for us to consider on appeal, it does not indicate that he withdrew his request for cancellation of removal. In fact, it clearly shows that the respondent did not withdraw this request during the hearing before the Immigration Judge. If he had withdrawn his request, he would have had no reason to contest the denial of cancellation of removal on appeal. The time for him to withdraw such a request was prior to or at the time that he was requesting voluntary departure at his "master calendar" hearing. Accordingly, I find that he did not withdraw his request at the appropriate time and was therefore ineligible for voluntary departure.

### III. WAIVER OF APPEAL AND IMMIGRATION JUDGE'S DUTIES

I also disagree with the majority's emphasis on the Immigration Judge's failure to advise the respondent of the availability of voluntary departure under section 240B(a) of the Act. The majority disregards the respondent's noncompliance with the requirement to waive appeal on all issues, because the Immigration Judge did not inform the respondent on the record that voluntary departure may have been available to him. In order to reach this conclusion, the majority must ignore the fact that the respondent is not eligible for "master calendar" voluntary departure.

The respondent was represented by counsel. In this case, the respondent chose to pursue both cancellation of removal and voluntary departure. The respondent's attorney should have informed him that he would not be able to pursue voluntary departure under section 240B(a) if he pursued cancellation of removal. The respondent has not asserted that his attorney failed to inform him of his choices and the consequent risks. In fact, the respondent has not even asserted that he was unaware of voluntary departure or of its requirements. Therefore, in continuing to pursue cancellation of removal, the respondent took a calculated risk that he would be denied both forms of relief.

Requiring Immigration Judges to advise aliens, particularly those who are represented by counsel, when the aliens are requesting additional forms of relief, will not promote the efficient processing of cases. Requiring detailed warnings in cases where the alien is pursuing other forms of relief and allowing aliens to pursue "master calendar" voluntary departure after being denied another form of relief will only make these proceedings longer and more cumbersome.

## IV. CONCLUSION

I find no error in the way the Immigration Judge conducted the proceedings. The respondent was represented by counsel, chose to pursue both cancellation of removal and voluntary departure, was denied cancellation of removal, and did not waive his right to appeal all issues, including cancellation of removal. The respondent did not meet the basic requirements for voluntary departure as set forth in 8 C.F.R. § 240.26(b)(1). Therefore, I would find that the respondent failed to establish eligibility for the requested relief. Moreover, under the circumstances in this case, I would not require an Immigration Judge to inform the respondent of the availability of voluntary departure. Accordingly, I would dismiss the appeal.