[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12508

_____

Agency No. A043-837-330

MAXIME P. BLANC,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 11, 2021)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

GRANT, Circuit Judge:

Maxime Blanc, a lawful permanent resident of the United States, was charged with removability after he was twice convicted of crimes involving moral turpitude. During the removal proceedings, the immigration judge failed to inform

Blanc that he could apply for "preconclusion voluntary departure"—a discretionary form of relief that allows aliens to leave the country at their own expense before removal proceedings conclude. The immigration judge ordered him removed.

In the meantime, Blanc learned about preconclusion voluntary departure, and he complained on appeal that, among other things, he had not been informed about this relief when he should have been. The Board of Immigration Appeals upheld his removal. Blanc, who says that he would have applied for preconclusion voluntary departure had he known about it, asks us to vacate his removal order so he can apply for the relief during a new round of removal proceedings.

We lack jurisdiction to consider his petition. That is because, exercising its own discretion, the Board decided on appeal that preconclusion voluntary departure was not warranted in Blanc's case. Crucially, the Board's decision was within its independent discretion; that is, no matter what the immigration judge would have decided about preconclusion voluntary departure had it been raised, the Board had the authority to enforce its own judgment on the question. And once the Board exercised that judgment and ordered removal, it cut off any jurisdiction we might have had to consider Blanc's petition.

I.

Blanc, a native and citizen of Dominica, became a lawful permanent resident of the United States in 1994. But in 2012, he was convicted of two crimes: aggravated identity theft and possession of fifteen or more social security numbers with intent to defraud. He was sentenced to thirty months' imprisonment followed by three years of supervised release. Shortly after beginning supervised release,

2

Blanc returned to his old ways; just four years after his first convictions, he was again convicted and sentenced for committing the same identity-fraud crimes.

These convictions brought Blanc to the attention of the Department of Homeland Security. In 2018, the Department initiated removal proceedings. The notice to appear for those proceedings charged Blanc with removability under 8 U.S.C. § 1227(a)(2)(A)(ii) for two or more convictions of crimes involving moral turpitude, and under 8 U.S.C. § 1227(a)(2)(A)(iii) for two separate aggravated felony convictions.

A few months later, Blanc appeared pro se before an immigration judge. The immigration judge indicated that the hearing was "an initial Master Calendar hearing" for Blanc and fifteen others. That is when the immigration judge had the procedural duty to inform the aliens of their "apparent eligibility" for various forms of relief, including preconclusion voluntary departure. 8 C.F.R. §§ 1240.11(a)(2), 1240.26(b)(1)(i)(A). In spite of this requirement, and though Blanc rose to speak, the immigration judge postponed discussion of potential forms of relief until a later date—perhaps once Blanc could "get a lawyer." Absent that, he said, they would discuss relief sometime "in the future."

Blanc never did get a lawyer—he appeared without one for the rest of his removal proceedings. At his second hearing before the immigration judge, he admitted the allegations in the notice to appear. He then pointed out that he had applied for cancellation of removal in addition to his motion for termination of proceedings. But the immigration judge waved him off, responding that the best

3

course of action would be to first determine whether Blanc was removable as charged and then consider those applications if needed.

The immigration judge did decide during Blanc's next appearance that he was removable for committing two crimes involving moral turpitude, though not as an aggravated felon. After asking a series of questions aimed at evaluating avenues of relief available to Blanc, the immigration judge explained that he would consider him for cancellation of removal or, in the alternative, postconclusion voluntary departure.

Blanc's fourth and final appearance came two months later, when the immigration judge denied his applications for cancellation of removal and postconclusion voluntary departure. In that last proceeding, the immigration judge ordered Blanc removed.

Blanc appealed the immigration judge's decision to the Board of Immigration Appeals, contending that it was error to deny him cancellation of removal and postconclusion voluntary departure. He also argued that the immigration judge violated agency regulations by not informing him at his master calendar hearing that he could apply for *pre*conclusion voluntary departure.

The Board dismissed his appeal. It first concluded that the immigration judge's findings of fact were not clearly erroneous, and that the immigration judge did not exceed his authority in denying the discretionary forms of relief that Blanc sought. Turning to Blanc's argument about preconclusion voluntary departure, the Board noted that voluntary departure, whether considered before or after removal proceedings conclude, "is a discretionary form of relief." Blanc's case, according

4

to the Board, did not warrant "a discretionary grant" of preconclusion voluntary departure, making the immigration judge's failure to advise him of this avenue of relief "immaterial."

That brings us to the present petition. Blanc sought review from this Court and moved for an emergency stay of removal. As he sees it, the immigration judge's failure to inform him that he could apply for preconclusion voluntary departure mandates vacatur of his removal order. He asks us to remand his case so he can, now that he knows about it, apply for this relief before the immigration judge. The government moved to dismiss Blanc's petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B) and (C). A panel of this Court granted Blanc's emergency stay request on a temporary basis and carried the government's motion with the case.

## II.

We review our subject matter jurisdiction de novo. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Where we have jurisdiction and the Board issues its own opinion, we review only that decision, except to the extent that the Board adopts the immigration judge's reasoning. *Lopez v. U.S. Att'y Gen.*, 914 F.3d 1292, 1297 (11th Cir. 2019).

## III.

The Immigration and Nationality Act gives the Attorney General discretion to permit aliens to voluntarily leave the country at their own expense. 8 U.S.C. § 1229c(a)(1). This "discretionary form of relief" can be granted at two different

stages: either before an alien's removal proceedings conclude or after.[1]  *Dada v. Mukasey*, 554 U.S. 1, 8 (2008).  Voluntary departure is available only to aliens who are not deportable on security grounds and who have not been convicted of an aggravated felony.  8 U.S.C. § 1229c; 8 C.F.R. § 1240.26.

The regulations governing removal proceedings require immigration judges to inform aliens of their "apparent eligibility" for various kinds of relief, including preconclusion voluntary departure.  8 C.F.R. § 1240.11(a)(2).  And aliens must request preconclusion voluntary departure at or before the master calendar hearing at which the case is scheduled for a hearing on the merits.  *Id.* § 1240.26(b)(1)(i)(A).  Putting those two regulations together, it means that the immigration judge must inform aliens who are "apparently eligible" for preconclusion voluntary departure of that fact by the end of the master calendar hearing.  *In re Cordova*, 22 I. & N. Dec. 966, 971 (BIA 1999).

At the agency level, the Board of Immigration Appeals itself can grant—or deny—voluntary departure.  That ability is wrapped up in its authority to "review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."  8 C.F.R. § 1003.1(d)(3)(ii).  And when the Board considers a petitioner's right to voluntary departure, it can review any

---

[1] Different standards govern the grant of preconclusion voluntary departure and postconclusion voluntary departure.  *Compare* 8 C.F.R. § 1240.26(b) (preconclusion voluntary departure), *with* 8 C.F.R. § 1240.26(c) (postconclusion voluntary departure).  Broadly speaking, postconclusion voluntary departure is harder to obtain.  *See In re Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (BIA 1999).  For example, an alien must be "of good moral character" to receive that form of relief.  8 C.F.R. § 1240.26(c)(ii).

errors made by the immigration judge below. *Cf. Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015).

As for our review, this Court lacks jurisdiction to review discretionary denials of relief in immigration proceedings, including the denial of voluntary departure. 8 U.S.C. § 1252(a)(2)(B). No court can review "any judgment regarding the granting of relief under" 8 U.S.C. § 1229c. *Id.* § 1252(a)(2)(B)(i). That section covers voluntary departure. Still, we do retain jurisdiction to hear constitutional claims or questions of law. *Id.* § 1252(a)(2)(D). This means that we cannot review *any* judgment relating to a request for voluntary departure, except to the extent the petitioner raises colorable constitutional or legal claims. *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1283 (11th Cir. 2020) (en banc).

Blanc contends that the immigration judge in his case never informed him that he could apply for preconclusion voluntary departure, despite his apparent eligibility for it. Based on the available hearing transcripts, it appears that he is right.[2] But even assuming that omission was in error, and even though Blanc did not apply for preconclusion voluntary departure, the Board of Immigration Appeals considered on appeal whether that kind of relief should have been granted. It decided not, and that independent decision cuts off our jurisdiction over Blanc's petition. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

---

[2] The government now argues that Blanc was "not apparently eligible" for preconclusion voluntary departure because he was charged with committing an aggravated felony. Whether or not that is true, the immigration judge ultimately found that Blanc did not commit an aggravated felony, and the government never contested this finding below. In any event, because it makes no difference to the outcome of this appeal whether the immigration judge erred in failing to advise Blanc that he could apply for preconclusion voluntary departure, we assume that he did.

In its order, the Board first addressed the immigration judge's denial of *post*conclusion voluntary departure. After discussing the immigration judge's weighing of the equities, it concluded that the immigration judge did not exceed his authority "in determining that the respondent did not merit a favorable exercise of discretion for cancellation of removal and voluntary departure." Having already addressed the issues the immigration judge considered, the Board independently— and explicitly—considered the question of preconclusion voluntary departure:

> The respondent argues throughout his brief that the Immigration Judge should have advised him of his right to pre-conclusion voluntary departure. Voluntary departure is a discretionary form of relief, whether pre-conclusion or post-conclusion voluntary departure. Since the respondent did not demonstrate that he warranted a discretionary grant of voluntary departure, it was immaterial that the Immigration Judge did not inform him of the potential availability of pre-conclusion voluntary departure.

The Board itself thus determined that this relief was not warranted— regardless of the immigration judge's failure to inform Blanc that he was eligible to apply for it. In other words, the Board exercised its independent authority to deny Blanc this relief in the first instance. And the Board also addressed Blanc's claim that the immigration judge erred by failing to inform Blanc that he could apply for preconclusion voluntary departure, determining that any failure was "immaterial" because Blanc did not warrant this relief either way.

The Board's independent decision was also an exercise of its discretion. As the Board explained, voluntary departure "is a discretionary form of relief, whether pre-conclusion or post-conclusion." And the Board did not deny Blanc preconclusion voluntary departure because he failed to meet statutory or regulatory

criteria, or because the immigration judge had effectively denied it.  Instead, it determined for itself that Blanc didn't warrant "a discretionary grant" of that relief.

Because the Board made a discretionary decision about Blanc's entitlement to the relief he sought, we lack jurisdiction to review that decision.  8 U.S.C. § 1252(a)(2)(B).  The Immigration and Nationality Act strips courts of jurisdiction over "[d]enials of discretionary relief" in immigration proceedings.  *Id.*  And that precludes us from reviewing *any* judgment related to Blanc's request for voluntary departure unless he brings constitutional or legal claims.  *Patel*, 971 F.3d at 1283.  Indeed, this is not the first time we have applied that jurisdictional bar to voluntary departure.  *See Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).  We continue to take these statutory limitations seriously; after all, it is Congress that defines our jurisdiction in the first place.  *See, e.g.*, *Patel*, 971 F.3d at 1272; *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 546 (11th Cir. 2019).  Because the Board denied Blanc preconclusion voluntary departure as a matter of its own discretion, the Act prohibits us from reviewing its decision.

Blanc pushes back.  He argues that he is challenging only the immigration judge's failure to inform him that he could apply for preconclusion voluntary departure—and not the Board's later denial of that relief.  He is correct that we ordinarily have jurisdiction to hear claims that an agency failed to follow its own regulations or procedures.  *See Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014).  For example, this Court held in *Kurapati* that a district court had jurisdiction to consider whether an agency violated notice regulations when it revoked a pair of I–140 visa petitions.  *Id.*

9

Though the ultimate revocation of those petitions was an unreviewable discretionary decision, we held that we could still consider whether the agency had complied with applicable procedures when revoking them. *Id.* So, the argument goes, if Blanc is challenging the immigration judge's failure to follow the proper administrative proceedings, and not the Board's ultimate denial of discretionary relief, we have jurisdiction to review his petition.

But Blanc's case is different. In *Kurapati*, the alleged procedural violation was one that no other administrative body reviewed. *Id.* at 1258–59. In fact, the Administrative Appeals Office of the U.S. Customs and Immigration Services said that Kurapati could not raise his claim in an agency appeal at all. *Id.* at 1259. Here, the Board's intervening—and independent—decision has already responded to the earlier procedural error that Blanc claims. The Board determined, under de novo review, that preconclusion voluntary departure was not warranted for Blanc—regardless of what the immigration judge did or did not do before. In other words, even if Blanc had applied for and received this relief before the immigration judge, the Board has said that it would have rejected it all the same. What's more, the Board has already addressed Blanc's procedural claim, and determined that any failure to advise was "immaterial" because Blanc's case does not warrant this relief. Once the Board addressed this alleged error and made its own discretionary decision to deny Blanc preconclusion voluntary departure, § 1252(a)(2)(B) cut off our jurisdiction to hear a claim that the immigration judge erred in failing to advise Blanc of this form of relief. *Cf. Alvarado*, 610 F.3d at 1314.

To put it simply, there is nothing left for us to correct in Blanc's case. The Board has already considered and rejected Blanc's request for preconclusion voluntary departure. Even if we gave Blanc the chance to apply for preconclusion voluntary departure before the immigration judge—and even if the immigration judge granted it—the Board, which would again be tasked with reviewing his case, has already said that he should not receive preconclusion departure. The wisdom of that decision is not ours to consider.

A petitioner may not sidestep the jurisdictional bar in § 1252(a)(2)(B) by reframing a challenge to the agency's denial of relief as a claim of procedural error. That is especially true when the agency itself has already addressed that error in a way that was squarely within its authority. At bottom, Blanc wants us to give him the chance to apply for preconclusion voluntary departure—but because the Board denied this relief itself on discretionary grounds, there is nothing left for us to review.

*    *    *

Though the immigration judge failed to inform Blanc that he could apply for preconclusion voluntary departure, the Board considered this form of relief itself on appeal. It decided—independently and as a matter of its own discretion—that Blanc's case did not warrant this relief. And by issuing its own decision, the Board effectively intervened to cut off our jurisdiction over Blanc's claim of error. Accordingly, we **DISMISS** Blanc's petition.

11

WILSON, Circuit Judge, dissenting:

The immigration judge (IJ) neglected to inform Maxime Blanc, who was representing himself, of the availability of preconclusion voluntary departure, despite his apparent eligibility for that relief.  Notwithstanding the IJ's failure to comply with agency regulations, the Board of Immigration Appeals (Board) upheld Blanc's removal.  The Board ruled that the IJ did not err in exercising its discretion to deny the relief he did apply for—postconclusion voluntary departure—and that the IJ's failure to inform Blanc of preconclusion voluntary departure was immaterial.  Today the majority holds that in doing so, the Board acted within its own "independent discretion" to conclude that "preconclusion voluntary departure was not warranted in Blanc's case"—thus "cut[ting] off any jurisdiction we might have had to consider Blanc's petition."  Maj. Op. at 2.  I disagree.

The Board determined that the IJ did not "exceed[] his authority in determining that the respondent did not merit a favorable exercise of discretion for . . . voluntary departure."  It thus concluded that the IJ did not err in denying Blanc's application for postconclusion voluntary departure, and further stated:

> Voluntary departure is a discretionary form of relief, whether pre-conclusion or post-conclusion voluntary departure. . . . Since the respondent did not demonstrate that he warranted a discretionary grant of voluntary departure, it was immaterial that the Immigration Judge did not inform him of the potential availability of pre-conclusion voluntary departure.

12

This court does not have jurisdiction over "[d]enials of discretionary relief" in immigration proceedings. INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). According to the majority, the Board, in its above-quoted statement, made an independent and discretionary decision to deny Blanc preconclusion voluntary departure. Maj. Op. at 8–9. This, explains the majority, takes Blanc's case out of our jurisdiction; "no matter what the immigration judge would have decided about preconclusion voluntary departure had it been raised, the Board had the authority to enforce its own judgment on the question"—and we do not have the authority to review that judgment. *Id.* at 2.

My understanding of this case differs from the majority's in that I do not believe the Board was in fact "enforc[ing] its own judgment on the question." *Id.* I do not read the Board's statement as an exercise of independent discretion. The Board never determined that "*preconclusion* voluntary departure was not warranted." *Id.* (emphasis added). So the jurisdictional bar never attached.

I largely agree with Judge Martin's concurrence to this court's prior order granting a stay of Blanc's removal pending this appeal. *See Blanc v. U.S. Att'y Gen.*, 2019 U.S. App. LEXIS 24540 at *2–4 (11th Cir. Aug. 16, 2019) (Martin, J., concurring). The Board used the term "voluntary departure," rather than specifying "preconclusion voluntary departure." That, taken with the Board's use of the past tense, suggests that it was reviewing *only* the IJ's previous

13

determination that Blanc did not qualify for postconclusion relief. *Id.* at *3. Had the Board been making its own decision about preconclusion relief, I imagine it would have said something along the lines of "Blanc *has* not demonstrated that he warranted a discretionary grant of *preconclusion* voluntary departure," as opposed to "[Blanc] *did* not demonstrate that he warranted a discretionary grant of voluntary departure." *Id.* at *4. At the very least, I expect that the Board would have engaged in some level of independent analysis of the issue if it were in fact exercising its own discretion to determine that Blanc did not warrant preconclusion voluntary departure. *Id.* Therefore, I would hold that we have jurisdiction to review Blanc's petition.

Turning to the merits, I believe that the Board erred in concluding that the IJ's failure to advise Blanc of the availability of preconclusion relief was "immaterial."[1] "Agencies must respect their own procedural rules and regulations." *Gonzales v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) (per curiam). This is especially true where, as in Blanc's case, an individual's rights are affected. *See Romano-Murphy v. Comm'r*, 813 F.3d 707, 718 (11th Cir. 2016). Here, agency regulations require that the IJ inform the person subject to removal of

---

[1] We review only the Board's decision unless the Board adopts the IJ's reasoning. *Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001). We review questions of law de novo. *Id.* This includes questions—like the one before us—of whether an agency followed its own procedures. *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014) (per curiam).

14

his apparent eligibility to apply for preconclusion voluntary departure.  8 C.F.R. § 1240.11(a)(2); *accord In re Cordova*, 22 I. & N. Dec. 966, 971 (BIA 1999) ("[T]he Immigration Judge must notify all [persons subject to removal] who are apparently eligible of the availability of voluntary departure.").  Persons subject to removal are ineligible for preconclusion relief only if they have engaged in terrorist activities or been convicted of certain aggravated felonies.  INA § 240B(a)(1), 8 U.S.C. § 1229c(a)(1).

Blanc has not engaged in terrorist activities or been convicted of aggravated felonies for the purpose of determining eligibility for preconclusion voluntary relief.  *See* INA § 101(a)(43), 8 U.S.C. § 1101(a)(43) (defining aggravated felonies).  He, therefore, was apparently eligible for preconclusion voluntary departure and the IJ was required to notify him of his eligibility.  Failure to do so was an improper deviation from procedure.  The Board erroneously determined that such error was immaterial, and improperly reasoned that the IJ exercised discretion to deny postconclusion voluntary departure and would therefore have exercised similar discretion to deny preconclusion voluntary departure.  A determination about postconclusion voluntary departure says nothing about preconclusion voluntary departure.  The calculus for preconclusion relief is different from that of postconclusion relief; the bar for postconclusion voluntary

15

departure is much higher.[2]  Had Blanc been advised of his eligibility for

preconclusion voluntary departure, he would have applied for this relief and met

the regulatory requirements.  The IJ's failure to follow agency regulations was not

immaterial.

The Board did not make a discretionary decision that preconclusion

voluntary departure was not warranted in Blanc's case, and it erroneously held that

the IJ's failure to inform Blanc of his apparent eligibility for preconclusion relief

was immaterial.  I would reverse the order of removal and remand this case with

instructions that Blanc be afforded the opportunity to apply for preconclusion

voluntary departure.

---

[2] Persons subject to removal are ineligible for postconclusion relief if they lack "good moral character" or cannot pay to leave the country.  INA § 240B(b)(1)(B), 8 U.S.C. § 1229c(b)(1)(B).  By contrast, individuals are generally ineligible for preconclusion relief only if they have engaged in terrorist activities or been convicted of certain aggravated felonies.  INA § 240B(a)(1), 8 U.S.C. § 1229c(a)(1).