[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14613
Non-Argument Calendar

_____

Agency No. A206-860-757

DIEGO JAVIER CINTORA-CORONA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 30, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Diego Cintora-Corona seeks review of the Board of Immigration Appeals' ("BIA") final order adopting and affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal pursuant to Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). He argues that the BIA and IJ improperly weighed the facts in finding that (1) his United States citizen child would not experience exceptional and extremely unusual hardship if he were removed to Mexico and (2) alternatively, his claim should be denied as a matter of discretion.

We review the BIA's decision as the final agency decision, and we review the IJ's decision as well to the extent that the BIA expressly adopts or agrees with it. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We review whether we have subject matter jurisdiction *de novo*. *Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1277 (11th Cir. 2021).

Under the discretionary decision jurisdictional bar, we lack jurisdiction to review "any judgment regarding the granting of" an application for cancellation of removal. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (*en banc*), *cert. granted*, (U.S. June 28, 2021) (No. 20-979). Notwithstanding this jurisdictional bar, however, we retain jurisdiction to consider constitutional claims and questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). But "a party may not dress up a claim

2

with legal or constitutional clothing to invoke our jurisdiction." *Patel*, 971 F.3d at 1272. "[A] garden-variety abuse of discretion" argument that the agency failed to properly weigh the facts the applicant presented does not amount to a legal question. *Alvarez-Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008).

The Attorney General has the discretion to cancel the removal of certain non-permanent resident aliens who establish that: (1) they have been continuously physically present in the United States for at least 10 years; (2) they have been "person[s] of good moral character" while present in the United States; (3) they have not been convicted of any specified criminal offenses; and (4) their "removal would result in exceptional and extremely unusual hardship" to a qualifying relative who is a U.S. citizen or lawful permanent resident. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

We lack jurisdiction over Cintora-Corona's petition for review because he is challenging a judgment denying his application for cancellation of removal and he does not raise a constitutional claim or question of law. Rather, he merely argues that the BIA and IJ wrongly weighed the factors regarding hardship and discretion. His passing assertion that the IJ incorrectly applied the law in determining that he would not be entitled to a favorable exercise of discretion essentially challenges the weight given to the various factors, so it is a

3

"garden-variety abuse of discretion" argument over which we have no jurisdiction.

Accordingly, we dismiss the petition.

**PETITION DISMISSED.**