[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10937

Non-Argument Calendar

_____

MARIBEL CASTANEDA-REYES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A056-610-539

_____

Before JORDAN,  NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Maribel Castaneda-Reyes seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for cancellation of removal and denying her motion to remand her case to the IJ for the consideration of new evidence.  She raises two issues.  First, she argues that the BIA failed to apply *de novo* review when reviewing the IJ's determination that she was not entitled to cancellation of removal as a matter of discretion, and that the BIA applied the wrong legal standard for cancellation of removal because it did not consider all of her positive equities and mischaracterized the evidence in its discussion of the negative equities.  Second, she argues that the BIA, in denying her motion to remand, erred by failing to accept as true the contents of her and her mother's declarations supporting the motion.

I.

We review the BIA's decision as the final agency decision, and we review the IJ's decision as well to the extent that the BIA expressly adopts or agrees with it.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).  We review whether we have subject matter jurisdiction *de novo*.  *Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1277 (11th Cir. 2021).  Questions of law are also

reviewed *de novo*. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 48 (11th Cir. 2010).

Under the discretionary decision jurisdictional bar, we lack jurisdiction to review "any judgment regarding the granting of" an application for cancellation of removal. Immigration and Nationality Act ("INA") § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (*en banc*), *aff'd*, 142 S. Ct. 1614 (2022). Under the criminal alien bar, we lack jurisdiction to review a final order of removal against "an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1227(a)(2)(B). INA §242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Notwithstanding those jurisdictional bars, we retain jurisdiction to consider constitutional claims and questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Constitutional claims or questions of law must be colorable, though, and "a party may not dress up a claim with legal or constitutional clothing to invoke [this Court's] jurisdiction." *Patel*, 971 F.3d at 1272. A petitioner may not bring a factual challenge to an order denying cancellation of removal. *Id.*

An argument that the BIA or IJ improperly weighed evidence is a "garden-variety abuse of discretion argument" rather than a question of law or constitutional claim. *Flynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014) (quotation marks omitted). However, an argument that the BIA applied the wrong legal standard is a question of law. *Jeune v. U.S. Att'y. Gen.*, 810 F.3d 792, 799 (11th Cir. 2016); *see also Patel*, 971 F.3d at

1283-84 (explaining that we have jurisdiction over the alleged misapplication of a legal standard).  We must "look hard" at the petitioner's actual arguments—not just her description of her claims—to determine whether we have jurisdiction. *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1210–11 (11th Cir. 2012) (overruled on other grounds by *Patel*, 971 F.3d at 1283).

Here, Castaneda-Reyes's claim that the BIA failed to apply *de novo* review is a reviewable question of law, but it fails on the merits because nothing about the BIA's decision is inconsistent with its express statement that it reviewed the IJ's discretionary decision *de novo*.  Castaneda points to three factual errors that appeared in both the IJ and BIA opinions as proof.  However, her contention that both misstated her date of release is belied by the record: she initially testified that she was released in June and then changed it to July.  The IJ clarified that she meant "June 10th of 2019" and she agreed.  Additionally, the record supports that BIA did not misstate the information about her support of her children.  Her testimony revealed limited paid employment and she herself testified that her cleaning of her aunt's house provided her with "a couple of bucks."  She does point to one error found in both opinions but that is not enough to support a claim that the BIA did not employ the proper standard of review.  Next, Castaneda-Reyes's arguments about the BIA's consideration of the positive equities and its purported mischaracterization of the evidence in discussing the negative factors are framed as legal questions, but in substance

challenge the BIA's weighing of evidence.  As such, we lack jurisdiction to consider them.

## II.

We construe a motion to remand that seeks to introduce new evidence as a motion to reopen, and we generally review the denial of a motion to reopen for an abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011).  An error of law is an abuse of discretion *per se.*  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  The jurisdictional bars in INA § 242(a)(2), 8 U.S.C. § 1252(a)(2), apply to a BIA decision refusing to reopen an order denying discretionary relief or refusing to reopen a final removal order against a criminal alien.  *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).

A motion to reopen must state the new facts that will be proven at a hearing to be held if the motion is granted and be supported by affidavits or other evidentiary material.  INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B).  Such a motion "shall not be granted unless it appears to the [BIA] that [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  The materiality requirement means the movant must show that "if the proceedings were reopened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

Although we have not yet addressed the issue of whether the BIA is required to credit the contents of a declaration supporting a motion to reopen, other circuits have held that the BIA must generally accept declarations as true. *See, e.g., Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) ("The BIA may not make credibility determinations on motions to reopen . . . and must accept as true the facts asserted by the [movant], unless they are inherently unbelievable." (quotation marks and citations omitted)); *Trujillo Diaz v. Sessions*, 880 F.3d 244, 252-53 (6th Cir. 2018) ("[I]n adjudicating a motion to reopen, the BIA 'must accept as true reasonably specific facts proffered by an alien in support of a motion to reopen unless it finds those facts to be inherently unbelievable.'" (citing *Haftlang v. INS*, 790 F.2d 140, 143 (D.C. Cir. 1986))).

We may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249- 50 (11th Cir. 2006). However, a petitioner is not required to exhaust a challenge to a legal error that does not exist until the BIA issues its decision; instead, the petitioner may raise that challenge in her petition for review. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015) (rejecting government argument that petitioner failed to exhaust an argument that the BIA's decision reflected a lack of reasoned consideration); *but see Alexis v. U.S. Att'y Gen.*, 431 F.3d 1291,

21-10937                Opinion of the Court                        7

1296 (11th Cir. 2005) (concluding that petitioner failed to exhaust—during her post-exclusion proceedings seeking adjustment of status—a challenge to a finding from her original exclusion proceedings that she was excludable on the basis of fraud, as the petitioner could have, but did not, move to reopen or reconsider the earlier exclusion order).

As an initial matter, Castaneda-Reyes's failure to seek reconsideration of the BIA's denial of her motion to remand does not constitute a failure to exhaust her administrative remedies. Because a petitioner is not required to exhaust a challenge to a legal error that does not exist until the BIA issues its decision, she may argue, in her petition for review, that the BIA committed a legal error in its order denying her motion.

Here, assuming *arguendo* that the BIA must credit the contents of a declaration in support of a motion to remand, the BIA did not commit legal error because the record does not support Castaneda-Reyes's contention that the BIA failed to accept her and her mother's declarations as true. Rather than discrediting Castaneda-Reyes's mother's declaration, the BIA concluded that the motion failed to introduce previously unavailable, material evidence because the medical records were inconclusive as to whether her mother began suffering from a new or sufficiently more severe condition following the merits hearing. Likewise, the language of the BIA decision shows that it determined that the lay evidence included in Castaneda-Reyes's declaration concerning her symptoms and treatment was insufficiently material to justify a remand.

8                    Opinion of the Court                    21-10937

PETITION DENIED IN PART, DISMISSED IN PART.