[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13452

Non-Argument Calendar

_____

LEONARD AVULLIJA,
ALBANA AVULLIJA,

                                        Plaintiffs-Appellants,

*versus*

DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

                                        Defendants-Appellees,

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01356-MMH-JBT

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Leonard and Albana Avullija appeal the dismissal of their complaint against the United States Citizens and Immigration Services under the Administrative Procedure Act, 5 U.S.C. §§ 706(1), (2)(A). The Avullijas argue that the district court erred by concluding that it lacked subject-matter jurisdiction and by ruling that they failed to state a claim for relief. After careful consideration, we hold that the district court erred in concluding that it lacked jurisdiction to consider the Avullijas' claim. We nonetheless affirm the court's order dismissing the complaint because the Avullijas failed to state a claim upon which relief can be granted.

I.

Albana Avullija, a United States citizen, sought an immigrant visa for her spouse, Leonard Avullija, a native and citizen of Albania. On June 21, 2016, the United States Citizenship and Immigration Services approved Albana's petition to establish eligibility for a spousal visa. The National Visa Center forwarded the approved petition to the United States Consulate in Tirana, Albania. After interviewing Leonard, the consular office denied his application based on two grounds of inadmissibility under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* First, the consular office found Leonard inadmissible under 8 U.S.C. § 1182(a)(4) because he was "likely at any time to become a public charge."

21-13452              Opinion of the Court              3

Second, the consular officer found Leonard inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), because he "by fraud or willfully misrepresenting a material fact" sought to procure admission to the United States.

On or about November 25, 2019, Leonard applied for a waiver under 8 U.S.C. § 1182(i), which permits the Attorney General, "in the discretion of the Attorney General," to waive inadmissibility under Section 1182(a)(6)(C) if "the refusal of admission to the United States . . . would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien . . . ."

On July 2, 2020, USCIS denied the application, incorrectly stating that Leonard was found inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) as a noncitizen who had previously resided in the United States unlawfully. However, the denial correctly stated that Leonard was also inadmissible under Section 1182(a)(4) because he was likely to become a public charge, for which "there is no waiver for inadmissibility." Thus, USCIS denied the waiver application because Leonard would remain inadmissible even if a waiver was granted.

The Avullijas did not appeal the decision to the Administrative Appeals Office or submit a motion to reopen or reconsider it. Instead, they filed a complaint in federal district court seeking judicial review of the agency's decision under the Administrative Procedure Act, 5 U.S.C. §§ 706(1), (2)(A). The Avullijas argued that USCIS had violated 8 C.F.R. § 103.3(a)(1), which requires the agency to "explain . . . the specific reasons for a denial," because the

4                   Opinion of the Court               21-13452

decision did not address the inadmissibility grounds under Section 1182(a)(6)(C)(i).

The government filed a motion to dismiss based on lack of subject-matter jurisdiction and, alternatively, failure to state a claim. The district court dismissed the complaint on both grounds, and the Avullijas timely appealed.

## II.

We review a district court's grant of a motion to dismiss for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). We also review the dismissal of a complaint for lack of subject-matter jurisdiction *de novo. Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).

## III.

The Immigration and Nationality Act precludes judicial review of waiver decisions under Section 1182(i) and under Section 1182(a)(9)(B)(v). *See* 8 U.S.C. §§ 1252(a)(2)(B)(i). However, the Act does not preclude judicial review of "allegations that an agency failed to follow its own binding regulations." *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014) (quotation marks omitted). Nonetheless, we have "scrutinized claims purportedly brought under exceptions to the jurisdictional limitations of the INA that in fact seek substantive judicial

review of agency decisions." For example, in *Arias v. U.S. Atty. Gen.*, 482 F.3d 1281 (11th Cir. 2007), the Board of Immigration Appeals dismissed the plaintiff's appeal of the denial of his application for waiver of inadmissibility under the Act and he petitioned for review. There, we concluded that the petitioner had attempted to circumvent the INA's jurisdiction stripping provisions by characterizing an abuse of discretion argument as a constitutional claim and dismissed the appeal for lack of jurisdiction. *Id.* at 1283–84.

Here, the district court concluded that "[t]he allegations in the Complaint signify an intent to obtain a 'favorable adjudication,' rather than USCIS's compliance with regulations." Specifically, the court relied on the Avullijas' stipulation that they could overcome the public charge grounds for denial if the agency were to "vacate its decision and reopen the administrative proceedings." We disagree with the district court that it lacked jurisdiction to consider the Avullijas' claim. Although the complaint raises the possibility of vacatur of the waiver denial in full, it also argues that USCIS failed to comply with 8 C.F.R. § 103.3(a)(1) when it issued the denial. Such a claim—that an agency has acted in a manner inconsistent with its own binding regulations—is within our jurisdiction to consider under *Kurapati*, 775 F.3d at 1262.

Although the district court erred in determining that it lacked jurisdiction, we nonetheless affirm its dismissal of the Avullijas' complaint for failure to state a claim under Rule 12(b)(6). Even accepting the Avullijas' allegations as true, USCIS did not violate its own regulations by denying Leonard's waiver application. In its

denial, USCIS explained that Leonard was ineligible under Section 212(a)(4)(A) because he was likely to become a public charge, which is a non-waivable ground for denial of an immigrant visa. Thus, Leonard would remain inadmissible even if granted a waiver on some other ground of inadmissibility, regardless of the particular other ground. As USCIS explained in its denial letter, "[i]f an applicant would remain inadmissible even if a waiver is granted, that remaining inadmissibility may itself support denial of the waiver application as a matter of discretion." Section 103.3(a)(1) requires only that USCIS "explain . . . the specific reasons for a denial." 8 U.S.C. § 103.3(a)(1). The explanation USCIS proffered here—denial based on futility in the face of a non-waivable public charge determination—is exactly the type of "specific reason[]" contemplated by the regulation. Accordingly, we affirm.

**AFFIRMED.**